UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | |
| SETH JASON, | : | |
| Defendant. | : | |

### GOVERNMENT'S MOTION TO SEAL INDICTMENT AND DELAY ENTRY OF THIS CASE ON THE PUBLIC DOCKET

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place under seal the Indictment, arrest warrant, this motion and proposed order, and any order granting this motion until the arrest warrant is executed, at which time the Indictment and related documents shall be automatically unsealed. In support thereof, the Government states as follows.

From October 11, 2023, through January 21, 2025, within the District of Columbia, the Defendant, Seth Jason repeatedly and unlawfully called the offices of a member of the United States Congress and made threats to kill the member, their staff, and their families.

Public disclosure of the existence of the Indictment and related materials could alert Defendant Jason that he is under investigation, which could cause him to destroy or conceal incriminating evidence such as on digital devices or to attempt to evade arrest.

As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Id.* at 290 (quoting *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)).

In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting Defendant Jason. A limited sealing order ensuring that filings related to the indictment are not accessible on the public docket is narrowly tailored to serve that compelling interest. Furthermore, the United States respectfully submits that complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an indictment, or a resulting sealing order, means that the defendant is charged with a crime, and that the Government intends to arrest that person. Thus, if this motion or a sealing order were to become public, it would be the same as making public the indictment.

To ensure that the indictment and related documents are unsealed promptly upon the arrest of the Defendant, the Government requests that these documents be automatically unsealed by operation of the Court's order, and that the Government be permitted to share the documents publicly at that time.

WHEREFORE, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, the Indictment, arrest warrant, this motion and proposed order, and any order granting this motion, until the arrest warrant for Defendant Jason has been executed, at which time the Indictment and related documents shall be automatically unsealed and may be publicly shared by the Government.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Brendan M. Horan*
BRENDAN M. HORAN
N.Y. Bar No. 5302294
Special Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
(202) 730-6871
brendan.horan@usdoj.gov